## DAVID J. CRONK *v.* JOHN WHITTAKER.

In proceedings on behalf of a claimant, under the mechanics' lien law of 1851, *any liens* existing upon the premises *at the time the notice is filed*, must be taken into view on the foreclosure, in determining how much the owner or the premises shall be adjudged liable for.

Payments made in good faith by the owner, according to the terms of his contract for the building, before the notice of claim is filed, are to be allowed to him as a defence, in proceedings taken under the mechanics' lien law of 1851.

Consequently, if nothing is due from the owner when such notice was filed, and nothing becomes due thereafter, he can be compelled to pay nothing.

The owner cannot be required to pay money to the claimant *before* it becomes due to the contractor.

The case of *Doughty* v. *Devlin, ante,* p. 625, referred to, and the principles therein decided, approved and reaffirmed.

GENERAL TERM, MAY, 1852.

THIS was a proceeding under the act for the better security of mechanics and others, known as the lien law of 1851. The claimant, (plaintiff,) who was a carpenter, had effected a lien upon buildings situated at the corner of 8th Avenue and 48th street, in this city, of which the defendant was the owner, by filing a notice pursuant to the sixth section of the act. The parties appeared in the marine court, the owner having been served with the notice prescribed in § 4. In accordance with that section, and with § 5, the claimant served a bill of the particulars of his claim, and the owner served a bill of the particulars of a set off thereto.

The plaintiff complained for work and labor performed, and materials furnished, in pursuance of an agreement between him and a third party, (who was the owner's contractor for the erection of the buildings above mentioned,) and also in conformity with the terms of the contract between the owner and the contractor. The defendant pleaded the general issue and a set off.

The plaintiff gave evidence of the preliminary proceedings above recited, to acquire a lien and to foreclose the same, and

proved the performance of the work, and the terms of the alleged contract and agreement respectively.

In cross-examining one of the plaintiff's witnesses, the defendant's counsel offered to show the existence of other liens on the premises, prior to that of the plaintiff, alleging that such prior liens must of necessity be satisfied before the satisfaction of the plaintiff's lien, if any thing should be found due to the contractor. This testimony was excluded, and an exception taken.

When the plaintiff rested his case, the defendant's counsel moved for a nonsuit, on the ground that it had not been shown in the testimony that any thing was due from the owner to the contractor.

The defendant then proved that the contractor had abandoned his contract with the owner, and had left the premises unfinished and exposed; that for all the work done by the contractor, up to the day the lien was filed, he had been paid in full; and that, although a large additional sum would have been payable to the contractor if he had completed his contract, there was nothing due to him by its terms, he having abandoned it.

The court below gave judgment for the plaintiff. The defendant appealed to this court.

*James W. Gerard, Jr.*, for the appellant.

*D. McMahon, Jr.*, for the respondent.

By the Court. Woodruff, J.—This court have considered the main question raised by this appeal, in the case of *Doughty* v. *Devlin*, in which the opinion of the court is now filed. We have there decided that payments made in good faith by the owner, according to the terms of his contract for the building, before the notice of claim is filed, are to be allowed to him as a defence, in proceedings taken under the mechanics' lien law of 1851. And by necessary consequence, that if nothing is due from the owner when such notice was filed, and nothing becomes due thereafter, he can be compelled to pay nothing. We also hold

in that case, that the owner cannot be required to pay money to the claimant *before* it becomes due to the contractor. These views must also involve the necessity of taking into account *previous liens* in any proceedings on behalf of a claimant under this law. And this last proposition is entirely clear, when it is observed, that by the *first* section of the act the lien extends only to the right, title and interest of the owner existing at the *time* the *notice* is *filed ;* and it follows, that *any liens* upon the premises at *that time*, must be taken into view on the foreclosure, in determining how much the owner or the premises shall be adjudged liable for.

So that on all these grounds we think the court below erred in the present case.

We have considered these questions fully in the case above mentioned, not only with a view to the case then under advisement, but also in reference to numerous other cases then also pending. And we, therefore, instead of discussing the questions at length, refer to the opinion in that case, for a more full exposition of the law in question.

The judgment must be reversed. And as the question appertains to the construction of a new and somewhat unintelligible statute, we regret that we have no power to reverse without costs ; but the statute has left us no discretion in that respect.

Judgment reversed.